Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| DANNY CASTEEL, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:06CV00001 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| JUDITH (JUDY) DAVIDSON, ET AL., | ) By: James P. Jones |
| | ) Chief United States District Judge |
| | ) |
| Defendants. | ) |

*Robert P. Starnes, Kingsport, Tennessee, for Plaintiff; James C. Stuchell, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

For the reasons hereafter stated, I will grant the defendants' Motion to Dismiss on the ground that this action is barred by the statute of limitations.

On December 2, 2005, the plaintiff filed this case in the Circuit Court of Scott County, Virginia, alleging that certain employees of the Virginia Department of Health had denied his applications for a "sewage disposal and/or water supply permit" and a "sewage disposal construction permit" involving certain real property owned by him in Scott County. (Mot. J. §§ 10, 13.) The first denial was on September 24, 1997, and the second was on August 20, 1999. The plaintiff alleges

that he sold the property on December 22, 1998, but in 2004 the permits that he had unsuccessfully applied for years earlier were granted to another applicant.

The plaintiff contends that the failure of the employees of the Virginia Department of Health to grant the permits denied him due process, equal protection of the law, constituted gross negligence, and effected a taking of his property without just compensation. He asserts that his causes of action are based on the federal Civil Rights Act of 1871, 42 U.S.C.A. §§ 1983, 1985 (West 2003), as well as Virginia law. The plaintiff seeks $500,000 in damages against the three individual employees and the Virginia Department of Health.

The defendants timely removed the action to this court, based on federal subject-matter jurisdiction. *See* 28 U.S.C.A. §§ 1331, 1441(a) (West 1993, 1994). They have now filed a joint Motion to Dismiss, contending that the action is barred by the applicable statute of limitations. The plaintiff was required to respond to the motion within fourteen days of service, pursuant to the Scheduling Order entered in this case, but he has failed to do so. Accordingly, the Motion to Dismiss is ripe for decision.

A federal suit under the Civil Rights Act is subject to the applicable state personal injury statute of limitations. *See Sattler v. Johnson,* 857 F.2d 224, 226 n. 3 (4th Cir. 1988). This is true even if the action involves a claim of injury to real

property. *See Harris v. Obenshain*, 452 F. Supp. 1172, 1176-77 (E.D. Va. 1978). Here, Virginia's statute of limitations provides that "every action for personal injuries, whatever the theory of recovery . . . shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(A) (Michie 2000). The time of accrual of civil rights action is governed by federal law, and the claim accrues when the affected party knew or should have known of the injury that is the basis of the action. *See Nat'l Adver. Co. v. City of Raleigh,* 947 F.2d 1158, 1161-62 (4th Cir. 1991).

Under the circumstances alleged, it is clear that the plaintiff's federal claims are barred.[1]

Even assuming that the plaintiff's state cause of action is governed by Virginia's five-year statute of limitations for injury to property, Va. Code Ann. § 8.01-243(B) (Michie 2000), it is still barred since it was brought more than five years after the permits were denied.

Accordingly, the Motion to Dismiss will be granted. A separate Judgment consistent with this Opinion is being entered herewith.

---

[1] So long as the facts are apparent from the face of the suit papers, as is the case here, raising a statute of limitations as a bar to a plaintiff's cause of action is a defense that can be raised in a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005).

- 3 -

DATED: January 31, 2006

 /s/ JAMES P. JONES
Chief United States District Judge