Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **DANNY CASTEEL,** | ) |
| Plaintiff, | ) Case No. 2:06CV00001 |
| v. | ) **OPINION AND ORDER** |
| **JUDITH (JUDY) DAVIDSON, ET AL.,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Robert P. Starnes, Kingsport, Tennessee, for Plaintiff; James C. Stuchell, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants.*

In this action removed from state court based on federal subject-matter jurisdiction, the defendants' Motion to Dismiss was granted on the ground that the action was barred by the statute of limitations. *See Casteel v. Davidson*, No. 2:05CV00001, 2006 U.S. Dist. LEXIS 3558 (W.D. Va. Jan. 31, 2006). The plaintiff has filed a "Motion to Reopen," which I will treat as a motion for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b).[1] The motion has been briefed and argued and is ripe for decision.

---

[1] There is no "motion to reopen" designated as such in the rules. Plaintiff's counsel stated in oral argument that he intended the motion to be based on Rule 60(b).

The plaintiff did not respond to the defendants' Motion to Dismiss as directed by the scheduling order entered in this case. He now contends that the judgment in this case should be vacated on the grounds of mistake or excusable neglect because his attorney changed his address and did not know that the case had been removed to federal court. The plaintiff's present attorney left his prior law firm—Wolfe, Williams, & Rutherford, in Gate City, Virginia—after the law suit had been filed in state court, and established a new law office in Kingsport, Tennessee, a few miles away. He and a member of his prior law firm jointly obtained an order from the state court on January 11, 2006, substituting him as counsel for the plaintiff in place of Wolfe, Williams & Rutherford, although that order was entered six days after the case had been removed to this court. Counsel alleges in the Motion to Reopen that "[w]hile Mr. Wolfe's office did forward Defendants' Motion [to Dismiss] via United States mail subsequent to their receiving it, Plaintiff's counsel has not had time ample time to answer said motion." (Mot. to Reopen ¶ 5.)

The plaintiff's failure to file a timely response to the Motion to Dismiss cannot be considered as excusable neglect. *See Wilson v. Thompson*, 138 Fed. Appx. 556, 557 (4th Cir. 2005) (unpublished) (affirming denial of Rule 60(b) motion by plaintiff who claimed that counsel did not receive a copy of the court's order). In any event, the plaintiff does not have a meritorious defense to the Motion to Dismiss, which is

an essential element of a Rule 60(b) motion. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993).

The plaintiff argues that his action is not barred by the statute of limitations because he did not discover that the defendants had wrongfully denied him a sewage permit in 1997 until July of 2004, when a subsequent owner of the real property in question received such a permit. He relies on *Young v. Clinchfield R.R.*, 288 F.2d 499 (4th Cir. 1961). In *Young*, the court of appeals held that a railroad worker's FELA claim for silicosis did not accrue until the worker knew or reasonably should have known that he was suffering from the disease. *See id.* at 502-03.

*Young* and its discovery rule are not applicable here. The plaintiff knew that he had suffered injury at the hands of the defendants as early as 1998, when he claims that he sold the property for a loss because he could not obtain a permit. These facts distinguish *Young* from this case. *See Rogerson v. Fitzpatrick*, 468 S.E.2d 447, 451 (N.C. Ct. App. 1996) (holding *Young* inapplicable to claim under federal civil rights act against municipality where plaintiff asserted that he did not discover until later that police officers' unlawful behavior was caused by city's failure to properly train them). In the present case, the plaintiff had "knowledge of the fact of injury and who caused it" and thus had a duty to make reasonable inquiry of the existence of his

claim. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

For these reasons, it is **ORDERED** that the Motion to Reopen is DENIED.

ENTER: March 20, 2006

/s/ JAMES P. JONES
Chief United States District Judge